LINDLEY BOX AND PAPER COMPANY v. PAULINE
WINDMILLER AND MAX WINDMILLER.[1]

September 29, 1922.

No. 23,090.

**Answer stricken as sham.**

Answer which alleged plaintiff was foreign corporation unauthorized to do business in Minnesota stricken as sham upon affidavits that defendants had admitted bill for goods was correct and would be paid [Reporter.]

Action in the municipal court of Mankato to recover $221.11 for goods sold and delivered. Plaintiff's motion to strike out the answer as sham and frivolous was granted, Goff, J. From the judgment entered pursuant to the order for judgment, defendants appealed. Affirmed.

*C. J. Laurisch*, for appellants.

*F. E. Morse*, for respondent.

PER CURIAM.

Action on account for merchandise sold, defended on the ground that plaintiff was a foreign corporation not authorized to do business in this state, and on the further ground that there had been a breach of a warranty under which the goods had been sold. There was a reply containing a general denial of the defenses pleaded. Plaintiff's motion to strike out

[1]Reported in 189 N. W. 937.

the answer as sham and frivolous was granted and judgment entered and defendants appealed.

From affidavits submitted in support of the motion, it appeared that, when plaintiff requested payment of the account, defendants asked for an extension of time and promised to pay. Subsequently they tendered their note for the amount plaintiff claimed, but it declined to accept it. When the claim was placed with plaintiff's attorney for collection, one of the defendants told him the account was correct and would be paid, and not until this action was brought was there any denial by defendants of their indebtedness. There was an affidavit by one of plaintiff's officers to the effect that all business done by plaintiff with persons in the state of Minnesota was through traveling salesmen who solicited orders and sent them to plaintiff at its place of business in Marion, Indiana, where the orders were filled and the merchandise shipped directly to the purchaser, and that plaintiff has never maintained any warehouse or distributing agency of any kind in Minnesota. Defendants offered no evidence contradicting plaintiff's affidavits. Upon this state of facts the court was justified in concluding that the answer was interposed for delay and that the defenses were sham. The judgment is therefore affirmed.